J-S03019-25

2025 PA Super 64

IN THE MATTER OF THE ADOPTION : IN THE SUPERIOR COURT OF
OF A. C. M.., A MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: D' S. K.- K. C., MOTHER :
:
:
:
:
: No. 1120 WDA 2024

Appeal from the Decree Entered August 16, 2024
In the Court of Common Pleas of Erie County
Orphans' Court at No(s):  No 47 in Adoption 2024

IN THE MATTER OF THE ADOPTION : IN THE SUPERIOR COURT OF
OF: P. K.-L. M.,A MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: D' S. K.-K. C., MOTHER :
:
:
:
:
: No. 1121 WDA 2024

Appeal from the Decree Entered August 16, 2024
In the Court of Common Pleas of Erie County
Orphans' Court at No(s):  No. 47A in Adoption 2024

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

OPINION BY SULLIVAN, J.:                    **FILED: MARCH 18, 2025**

D' S. K.-K. C. ("Mother") appeals from the decree terminating her parental rights to her son, A.C.M., born in November 2016, and her daughter, P.K.H. (collectively "the Children"), born in December 2021.[1]  After careful review, we are constrained to vacate and remand with instructions.

---

[1] By separate decree, the trial court terminated the parental rights of the Children's father.  Father did not appeal.

The Erie County Office of Children and Youth ("the Agency") has been involved with Mother since approximately 2007. In 2009, the court involuntarily terminated Mother's parental rights to her three oldest children. *See* Orphans' Court Opinion, 10/8/24, at 2. The court involuntarily terminated her parental rights to a fourth child in 2017. *See id*. By court order, Mother is not permitted to have contact with a fifth child. *See id*.

In July 2022, the Agency obtained emergency protective custody of the Children after it received several reports regarding Mother's parenting deficiencies, including leaving less than one-year-old P.K.H. alone in a hot car for approximately 10-12 minutes and driving down a busy street with the passenger door (next to where the children were sitting) open. *See id*. at 4. Mother has an extensive history of domestic violence with the Children's Father, untreated mental health and drug/alcohol dependency issues, criminal activity, chronic issues with finding appropriate housing, and lack of cooperation with service providers. *See id*. at 4-5.

The court adjudicated the Children dependent in August 2022. *See id*. at 1. The court found aggravated circumstances. The goal for the Children was concurrently listed as return home and adoption. In explaining the circumstances which led to the termination of Mother's parental rights to the Children, the Orphans' Court stated:

> The circumstances creating the present dependency adjudication were a continuation of the parental problems addressed in [Mother's] prior dependency proceedings. [Mother] has significant mental health issues that impede her ability to parent.

[Mother] lacks insight into the deficits in her parenting skills. She blames external factors for her situation. She has proven consistently unable to provide for her basic needs[,] let alone the basic needs of the Children. [Mother] struggles with maintaining housing.

Given [Mother's] history, the Agency could have justified ["]keeping her on a short leash["] for a limited period of time for reunification purposes before requesting a goal change to adoption.[2] Instead, to the credit of the Agency's caseworker, a concerted and lengthy effort was made to surround [Mother] with a host of services to enable her to alleviate the conditions which led to the dependency adjudication. Agency personnel intended to increase [Mother's] visitation if she progressed. To [Mother's] credit, she made an effort and some limited progress. However, after the case was approaching two years in duration, [Mother] had not and likely will never alleviate the presenting problems. At that time, [Mother] was living in a U[-H]aul trailer while the Children were safe and blossoming in [their] foster home.

The Children, particularly A.C.M., are genuinely fearful of living with [M]other. [Mother's] behavior toward them is often aggressive and inappropriate. [Mother] has made numerous promises to them, only to deeply disappoint the Children when the promises are unfulfilled. A.C.M. has repeatedly expressed his desire not to return to [M]other[;] he is happy living with [his foster family].

The Children have formed a meaningful bond with the [foster family]. By contrast, there is little bond with their mother. The detailed testimony of Dr. [Peter] von Korff provided a comprehensive review of [Mother's] mental health needs, antisocial behaviors, lack of empathy or remorse, high risk of impulsive or abusive behavior of the Children, and [an] insecure attachment style, each of which poses a high risk that [Mother] is unable to safely parent the Children. The cumulative effect of these issues raises grave concerns about [Mother's] ability to ever parent the Children. It was Dr. von Korff's expert opinion that it was in the Children's best interests that [Mother's] parental rights be terminated.

---

[2] The court changed the goal to adoption in April 2024.

*Id*. at 2-3 (footnote added).

In August 2024, the Orphans' Court entered decrees involuntarily terminating Mother's parental rights to the Children pursuant to subsections 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act.[3] The instant appeal followed.[4]

On appeal, Mother raises the following issues:

1. Whether the [Orphans'] Court committed an abuse of discretion and/or error of law when it concluded that the Agency established, by clear and convincing evidence, the grounds for involuntary termination of parental rights of Mother under 23 Pa.C.S.A. § 2511(a)(1)?

2. Whether the [Orphans'] Court committed an abuse of discretion and/or error of law when it concluded that the Agency established, by clear and convincing evidence, the grounds for involuntary termination of parental rights of Mother under 23 Pa.C.S.A. § 2511(a)(2)?

3. Whether the [Orphans'] Court committed an abuse of discretion and/or error of law when it concluded that the Agency established, by clear and convincing evidence, the grounds for involuntary termination of parental rights of Mother under 23 Pa.C.S.A. § 2511(a)(5)?

4. Whether the [Orphans'] Court committed an abuse of discretion and/or error of law when it concluded that the Agency established, by clear and convincing evidence, the grounds for involuntary termination of parental rights of Mother under 23 Pa.C.S.A. § 2511(a)(8)(a) and (a)(8)(b)?

---

[3] 23 Pa.C.S.A. §§ 2101-2938.

[4] Mother and the Orphans' Court complied with Pa.R.A.P. 1925.

Mother's Brief at 4 (unnecessary capitalization omitted, citation format regularized).

Prior to addressing Mother's claims, we are required to address, *sua sponte,* Children's right to counsel in the underlying, contested termination of parental rights proceedings. The Adoption Act states:

> **(a) Child. —** The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a) (italics added). Further, "a single attorney cannot represent a child's best interest and legal interest if those interests conflict." *In re Adoption of K.M.G.*, 240 A.3d 1218, 1236 (Pa. 2020) (citation omitted). Although "a child's legal interests . . . are synonymous with the child's preferred outcome," the Orphans' Court must determine a child's best interests with guidance from "statutes and rules." *In re Adoption of L.B.M.*, 161 A.3d 172, 174-75 (Pa. 2017); *see also In re T.S.*, 192 A.3d 1080, 1082 n.2 (Pa. 2017) (recognizing counsel representing a child's legal interests must state the child's wishes even if counsel does not agree with them, whereas guardian *ad litem* counsel representing a child's best interests must express "what he or she believes is best for child's care, protection, safety, and wholesome physical and mental development, regardless of whether the child agrees").

The dependency Court appointed Christine Fuhrman Konzel, Esquire ("Attorney Konzel"), guardian *ad litem* ("GAL") for the Children. By separate order, before the termination hearing, the Orphans' Court appointed Attorney Konzel as legal counsel for the Children, and assigned Attorney Konzel the responsibility of identifying any conflict of interest in the joint representation: "Should [Attorney Konzel] become aware of a conflict necessitating appointment of a different[,] separate counsel to represent the [Children] in the instant case, Attorney Konzel[] shall file the appropriate Motion for the immediate appointment of a different[,] separate counsel for the [Children.]" Order, 5/10/24, at 1.

In **K.M.G.**, our Supreme Court clearly stated the primary role of trial courts in determining whether children in contested termination of parental rights proceedings require separate legal and best interests' counsel. **See K.M.G.**, 240 A.3d at 1233-39; **see also L.B.M.**, 161 A.3d at 183 ("In . . . [termination of] [parental] [rights] cases[,] critical rights are at stake. . . . [O]ur General Assembly has decided that counsel for the child is required because of the primacy of children's welfare, the fundamental nature of the parent-child relationship[,] and the permanency of termination."). To fulfill its statutory duty under Section 23 Pa.C.S.A. 2313, the Orphans' Court:

> must determine whether counsel can represent the dual interests **before** appointing an individual to serve as GAL/Counsel for a child. Given the essential nature of the GAL/Counsel's ability to represent a child without conflict and **this Court's mandate that the orphans' court make that determination prior to appointment**, we conclude that appellate courts should verify

- 6 -

that the orphans' court indicated that the attorney could represent the child's best interests and legal interests without conflict.

**K.M.G.**, 240 A.3d at 1236 (emphases added). An Orphans' Courts' failure to appoint a separate attorney to represent the child's legal interests "constitutes structural error, meaning it is not subject to a harmless-error analysis." **Id**.

After **K.M.G.**, this Court specifically rejected, as violative of **K.M.G.**, an order like the instant one that delegated to counsel the Orphans' Court's responsibility to determine whether a conflict in dual representation existed. **See In re Adoption of A.G.R.**, 315 A.3d 51 (Pa. Super. 2024) (unpublished memorandum, at *3).[5] There, this Court stated:

> the Orphans' Court delegated its prescribed role of determining whether counsel could represent the dual interests of Children to [counsel]. . . . This is in direct contravention of Supreme Court precedent mandating that such a determination is to be made **by the Orphans' Court** "in the first instance."

**Id**. (citations and footnote omitted, emphasis added). The Court accordingly vacated the Orphans' Court's decrees and remanded to the Orphans' Court for a hearing *de novo* and proceedings consistent with its decision. **See id.** at *4.

**A.G.R.** correctly interprets the Supreme Court's categorical rule stated in **K.M.G.** Accordingly, we are compelled to vacate the Orphans' Court's decrees and remand for the Orphans' Court fulfill its section 2313(a) duty.

---

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).

The result we reach denies the Children the laudable goal of permanence. *See In re I.J.*, 972 A.2d 5, 11-12 (Pa. Super. 2009). Additionally, assuring the absence of a conflict in joint representation is a relatively simple, absolute requirement that has been in place for more than four years following the Supreme Court's *K.M.G.* decision. Since then, this Court has either cautioned trial courts or remanded more than *forty* cases for failure to comply with *K.M.G.*[6] An Orphans' Court can satisfy its statutory duty with relative ease and greatly enhance the likelihood its ruling, which affects the rights of parents and vulnerable children, will not be rendered nugatory. For that matter, any counsel present in court is also well-positioned to remind the court of its duty.[7]

We are constrained to vacate the termination decrees. On remand, within thirty days of the date the record is remitted, we direct the Orphans' Court to fulfill its section 2313(a) duty, as articulated in *K.M.G.*, and

_____

[6] In fact, our review ascertained at least eight such cases in 2024 alone. *See*, *e.g.*, *A.G.R.*, *supra*; *see also In re Adoption of K.L.B.*, 324 A.3d 1225 (Pa. Super. 2024) (unpublished memorandum); *In re Adoption of L.P.D.*, 321 A.3d 971 (Pa. Super. 2024) (unpublished memorandum); *Interest of M.J.P.*, 317 A.3d 627 (Pa. Super. 2024) (unpublished memorandum).

[7] We note additionally the information regarding compliance with *K.M.G.* should be prominently featured in the trial court's opinion and the briefs on appeal. This Court should not, as it had to in the instant matter, page through a lengthy record hoping to find evidence of compliance. *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument").

determine, following a hearing, whether Attorney Konzel may represent both the best interests and legal interests of the Children without conflict. If the Orphans' Court determines no conflict exists between the Children's dual interests, then it shall re-enter the termination decrees as to Mother, which will constitute a final, appealable decree. *See Interest of A.J.R.O.*, 270 A.3d 563, 570 (Pa. Super. 2022). If the court determines there is a conflict between the Children's best interests and their legal interests, then the court shall appoint separate legal counsel for the Children and conduct a new termination hearing at which time Children's legal counsel can advocate on behalf of the Children's legal interests. *See K.M.G.*, 240 A.3d at 1235.

Decrees vacted. Cases remanded to Orphans' Court for proceedings consistent with this decision.[8] Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/18/2025

---

[8] Because we are required to remand this matter, we do not reach Mother's issues on appeal.