J-A04045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: Z.M.F., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A.F. JR., FATHER | : : : : : : : | |
| | : | No. 1552 MDA 2024 |

Appeal from the Decree Entered September 23, 2024
In the Court of Common Pleas of York County
Orphans' Court at No(s):  2024-0119a

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:               **FILED APRIL 15, 2025**

J.A.F., Jr. ("Father") appeals from the decree involuntarily terminating his parental rights to his daughter Z.M.F (born in September 2015) ("Child"). Father's counsel, Brandy Grace Hoke, Esq. ("Attorney Hoke"), has filed an **Anders** brief and petitioned to withdraw from representation.[1]  Following our review, we are constrained to deny Attorney Hoke's petition to withdraw, vacate the decree, and remand for further proceedings consistent with this decision.

Based on our disposition, we need not set forth in full detail the factual and procedural history of this case.  In relevant part: Child was adjudicated

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).  In **In re V.E.**, 611 A.2d 1267 (Pa. Super. 1992), this Court extended the **Anders** principles by applying the rationale underlying **Anders** to appeals involving the termination of parental rights.

dependent in July 2022 because of inadequate healthcare. *See* Trial Ct. Op., 10/30/24, at 2. In July 2024, York County Office of Children, Youth & Families ("CYF") petitioned for the involuntary termination of Father's parental rights to Z.M.F. pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). *See* Pet., 7/12/14, at 4-7. The trial court later issued an order appointing T.L. Kearney, Esq. ("Attorney Kearney") as legal counsel for Child. *See* Order, 7/17/24.[2] Attorney Kearney had represented Child as guardian *ad litem* in the dependency action, and served in a dual role for the termination hearing. *See* N.T., 9/23/24, at 8.[3] At the hearing, the court inquired of Attorney Kearney about whether Child's best and legal interests conflicted, and Attorney Kearney opined that they did not. The trial court, having delegated to counsel its responsibility to make a conflict determination, made no independent finding that there was no conflict before proceeding with the termination hearing, at which Father represented himself *pro se*. *See id*. at 4, 8-9. The following is the extent of testimony regarding conflict analysis:

> Court: Okay. I believe you were the guardian ad litem for Z.F. in the underlying dependency action?
>
> Atty: That is correct.

---

[2] Upon review of Judge's Order appointing Attorney Kearney legal counsel, it does not contain a conflict analysis.

[3] The order appointing Attorney Kearney to represent Child as legal counsel did not contain a finding that Attorney Kearney could represent Child in a dual role without conflict. *See* Order, 7/17/24.

> Court: Do you see any conflict of interest with your role as guardian ad litem in the dependency action versus your role as her legal counsel today?
>
> Atty: I do not.
>
> Court: Do her interests conflict in any way?
>
> Atty: Not that I can tell, Your Honor. As far as I can tell, they do not conflict whatsoever.

*Id.* at 8-9. At the conclusion of the hearing, the court terminated Father's parental rights pursuant to subsections (a)(1), (5), (8), and (b). *See id*. at 117-27; *see also* Final Decree, 9/23/24.[4] Father obtained counsel following the hearing, who appealed on his behalf, and both Father and the trial court complied with Pa.R.A.P. 1925.[5]

---

[4] Child's mother consented to the termination of her parental rights. *See* Order, 9/13/24.

[5] Father received notice of the first hearing date which informed him of his right to counsel regardless of his ability to pay. *See* Affidavit of Service, 8/27/24, at 2. Father confirmed receipt of the notice. *See* N.T., 9/13/24, at 5. While Father had been unable to afford private counsel, he stated he did not want court-appointed counsel, and requested a continuance to obtain counsel, which the court granted, having found Father "does not want a [c]ourt-appointed attorney." *See id*. at 5-9. 21-22. Father later appeared at the next hearing date and elected to proceed *pro se* without requesting another continuance or court-appointed counsel. *See* N.T., 9/23/24, at 3-4; *see generally In re A.R.*, 125 A.3d 40 (Pa. Super. 2015) (holding that a trial court may hold a termination hearing, at which a parent proceeds *pro se*, if the parent had proper notice of the hearing and his right to counsel, and was provided clear instructions with how to obtain a lawyer if he could not afford one, yet he failed to do so).

- 3 -

On appeal, Attorney Hoke  has filed an **Anders** brief and petitioned to withdraw from representation.  Ordinarily, this Court cannot address the issues presented in an appeal before passing on counsel's request to withdraw; however, we must *sua sponte* address Child's right to counsel in the contested termination of parental rights proceedings.  **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1236 (Pa. 2020) (holding that an appellate court should *sua sponte* review whether the trial court (1) entered an order appointing child counsel and (2) determined whether Child's best interests and legal interests did not conflict).[6]

The Adoption Act states:

> **(a) Child. —** The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of

---

[6] We add that Attorney Hoke complied with **Anders**'s technical requirements in that she has petitioned for leave to withdraw and stated in her petition that she made a conscientious examination of the record, interviewed Father, and concluded the appeal would be frivolous; she filed a brief referring to anything that might arguably support the appeal; and she furnished a copy of the brief to Father and advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.  **See** Pet. to Withdraw, 12/11/24, at ¶¶ 3, 6, 7, 9; Letter From Attorney Hoke to Father, 12/11/24; *cf*. **In re S.M.B.**, 856 A.2d 1235, 1237 (Pa. Super. 2004) (delineating **Anders**'s technical requirements).  However, for the reasons stated above, we will not address the issues identified in Attorney Hoke's **Anders** brief.  **See K.M.G.**, 240 A.3d at 1236; **see also Matter of Adoption of S.T.K.**, 304 A.3d 775 (Pa. Super. 2023) (unpublished memorandum, at *3); Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).

the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a) (italics added). Further, "a single attorney cannot represent a child's best interests and legal interests if those interests conflict." *In re Adoption of K.M.G.*, 240 A.3d at 1236 (citation omitted). Although "a child's legal interests . . . are synonymous with the child's preferred outcome," the trial court must determine a child's best interests with guidance from "statutes and rules." *In re Adoption of L.B.M.*, 161 A.3d 172, 174-75 (Pa. 2017); *see also In re T.S.*, 192 A.3d 1080, 1082 n.2 (Pa. 2017) (recognizing counsel representing a child's legal interests must advocate for the child's wishes even if counsel does not agree with them, whereas guardian *ad litem* counsel representing a child's best interests must express "what [he or she] believes is best for the child's care, protection, safety, and wholesome physical and mental development[,] regardless of whether the child agrees"). *See also Matter of Adoption of A.C.M.*, 2025 PA Super 64, 2025 WL 840191 at *2-*3 (Pa. Super. 2025).

Our review discloses that, per *K.M.G.*, the trial court impermissibly delegated to Attorney Kearney, G.A.L./legal counsel at the time of the termination hearing, the court's responsibility to determine whether a conflict in dual representation existed. *Cf*. *A.C.M.*, 2025 WL 840191 at *3 (noting that pursuant to section 2313 and *K.M.G.*, the court is required to make determination of whether there is a conflict for purposes of dual representation *prior to appointment*).

Accordingly, we are constrained to vacate the termination decree and remand for a prompt hearing, after remittal of the record, for the **limited purpose** of the trial court fulfilling its section 2313(a) duty to make a finding as to whether Attorney Kearney can represent the Child's dual interests without conflict. If the trial court determines there is a conflict, the trial court shall appoint separate legal counsel and conduct a new termination hearing. If, based on the facts presented, the trial court determines there is no conflict, the court shall re-enter its termination decree, after which Father may again appeal the decree.[7]

Decree vacated. Attorney Hoke's application to withdraw from representation is denied. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2025

---

[7] We note Child has medical and cognitive disabilities, including Smith-Kingsmore syndrome, which is a chromosomal abnormality, and that she treats with several specialists, including, *inter alia*, a speech therapist. **See** N.T., 9/23/24, at 31-33, 42-44. In the event that the trial court finds Child's preferred outcome is not ascertainable, the law does not require appointment of another lawyer to advance unknowable preferences. **See Interest of Z.N.F.**, 212 A.3d 548, 550-51, 553-54 (Pa. Super. 2019).